Royal F. Oakes (080480), roakes@barwol.com
Michael A. S. Newman (205299), mnewman@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
Metropolitan Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADONNA GEDECKE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.: C 07-04867 HRL<br><br>Honorable Howard R. Lloyd<br><br>ANSWER TO PLAINTIFF'S COMPLAINT<br><br><br>Complaint Filed:　June 13, 2007 |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\210\07pleadings\answer.doc

ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. C 07-04867 HRL

Defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the Complaint of Ladonna Gedecke ("Plaintiff") as follows:

1. Answering paragraph 1, admitted.

2. Answering paragraph 2, admitted that MetLife is incorporated in and has its principal place of business in New York, and that it is licensed to transact business and transacts business in California, and other states. Except as so admitted, denied.

3. Answering paragraph 3, admitted that Plaintiff seeks an amount in excess of $50,000. Denied that Plaintiff is entitled to any sum in this action, or that MetLife is in any way liable to Plaintiff.

4. Answering paragraph 4, denied.

5. Answering paragraph 5, denied.

6. Answering paragraph 6, admitted that Plaintiff was employed by the State Compensation Insurance Fund. Except as so admitted, denied.

7. Answering paragraph 7, admitted that Plaintiff was insured under a Group Long Term Disability Policy issued by MetLife to the State of California. Admitted that the policy contains the quoted language. Except as so admitted denied.

8. Answering paragraph 8, admitted.

9. Answering paragraph 9, admitted that Plaintiff was employed by the State Compensation Insurance Fund in 2004. Except as so admitted, denied.

10. Answering paragraph 10, denied.

11. Answering paragraph 11, denied.

12. Answering paragraph 12, admitted that MetLife denied Plaintiff's claim for long term disability benefits. Except as so admitted, denied.

13. Answering paragraph 13, admitted.

14. Answering paragraph 14, admitted that Plaintiff's claim for benefits was denied. Except as so admitted, denied.

15. Answering paragraph 15, admitted that Plaintiff's claim for benefits was denied. Except as so admitted, denied.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-
ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. C 07-04867 HRL

16. Answering paragraph 16, denied.

17. Answering paragraph 17, denied.

18. Answering paragraph 18, denied.

19. Answering paragraph 19, denied.

20. Answering paragraph 20, MetLife realleges and incorporates herein by reference each and every response to the allegations in paragraphs 1 through 19, inclusive, of this Complaint.

21. Answering paragraph 21, denied.

22. Answering paragraph 22, denied.

23. Answering paragraph 23, denied.

24. Answering paragraph 24, MetLife realleges and incorporates herein by reference each and every response to the allegations in paragraphs 1 through 19 and 21 through 23, inclusive, of this Complaint.

25. Answering paragraph 25, denied.

26. Answering paragraph 26, denied.

27. Answering paragraph 27, denied.

28. Answering paragraph 28, denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**[Failure to State a Claim]**

29. As a separate and distinct defense, MetLife alleges that Plaintiff's Complaint, and its purported claims for relief, fails to state facts sufficient to constitute a claim against MetLife.

### SECOND AFFIRMATIVE DEFENSE

**[Claims Handled In Good Faith]**

30. As a separate and distinct defense, MetLife alleges that MetLife's handling of the Plaintiff's claim for benefits was reasonable and in good faith and, at all times relevant herein,

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-3-
ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. C 07-04867 HRL

1 based on the material facts and circumstances as known to MetLife at the time it acted, and
2 therefore Plaintiff is not entitled to compensatory or consequential damages from MetLife.

### THIRD AFFIRMATIVE DEFENSE
### [Genuine Issue]

31. As a separate and distinct defense, MetLife alleges that to the extent there exists a genuine issue as to what benefits, if any, Plaintiff was entitled to, MetLife's actions could not have been in bad faith.

### FOURTH AFFIRMATIVE DEFENSE
### [Unclean Hands]

32. As a separate and distinct defense, MetLife alleges that Plaintiff's Complaint is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### [Waiver]

33. As a separate and distinct defense, MetLife alleges that Plaintiff's Complaint is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
### [Estoppel]

34. As a separate and distinct defense, MetLife alleges that Plaintiff's Complaint is barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### [Laches]

35. As a separate and distinct defense, MetLife alleges that Plaintiff's Complaint is barred by the doctrine of laches.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-4-
ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. C 07-04867 HRL

## EIGHTH AFFIRMATIVE DEFENSE

### [No Mitigation of Damages]

36. As a separate and distinct defense, MetLife alleges that Plaintiff neglected and refused to mitigate his damages, if any, thus barring, or at least reducing, any recovery herein.

## NINTH AFFIRMATIVE DEFENSE

### [Losses Caused by Plaintiffs]

37. As a separate and distinct defense, MetLife alleges that Plaintiff's losses, injuries or damages (if there were any losses, injuries or damages) were proximately caused by Plaintiff, constituting an intervening or superseding cause, and precluding liability of MetLife.

## TENTH AFFIRMATIVE DEFENSE

### [Losses Caused By Third Parties]

38. As a separate and distinct defense, MetLife alleges that Plaintiff's losses, injuries or damages (if there were any losses, injuries or damages) were proximately caused by third parties, constituting an intervening or superseding cause, and precluding any liability on the part of MetLife.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Insufficient Allegations of Punitive Damages]

39. As a separate and distinct defense, MetLife alleges that the Complaint fails to state facts sufficient to allow Plaintiff to recover an award of punitive or exemplary damages against MetLife.

## TWELFTH AFFIRMATIVE DEFENSE

### [Failure of Plaintiff to Cooperate]

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-5-
ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. C 07-04867 HRL

40. As a separate and distinct defense, MetLife alleges that Plaintiff failed to cooperate with MetLife.

### THIRTEENTH AFFIRMATIVE DEFENSE

**[Unconstitutionality of Punitive Damages as Violative of Due Process]**

41. To the extent that the Complaint seeks exemplary or punitive damages from MetLife, it violates MetLife's rights to substantive and procedural due process under the Fourteenth Amendment to the United States Constitution and/or the Constitution of the State of California, and therefore fails to state a cause of action supporting exemplary and/or punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

**[Unconstitutionality of Punitive Damages as "Excessive Fines"]**

42. To the extent the Complaint seeks exemplary or punitive damages from MetLife, it violates MetLife's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and/or the Constitution of the State of California, and therefore fails to state a cause of action supporting exemplary and/or punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

**[Statute of Limitations]**

43. As a separate and distinct defense, MetLife alleges that Plaintiff's Complaint is barred by statutes of limitations including, but not limited to, California Code of Civil Procedure sections 312, 335, 335.1, 337, 338, 339, 340 and 343.

### SIXTEENTH AFFIRMATIVE DEFENSE

**[Pre-existing Condition]**

44. As a separate and distinct defense, MetLife alleges that Plaintiff's claim was due to a pre-existing condition, and is therefore, pursuant to the Pre-existing Condition Limitation of the Policy, is not entitled to long term disability benefits.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-6-
ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. C 07-04867 HRL

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Reservation of Rights]

45. MetLife reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon further investigation.

WHEREFORE, MetLife prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint on file herein;

2. That the Court enter a judgment dismissing the Complaint and its purported causes of action against MetLife;

3. That the Court award MetLife its reasonable expenses and costs, including but not limited to reasonable attorneys' fees, incurred in the defense of the Complaint; and

4. That the Court grant MetLife such other and further relief as the Court may deem proper.

Dated: October 26, 2007

BARGER & WOLEN LLP

By: /s/ 
ROYAL F. OAKES
MICHAEL A. S. NEWMAN
Attorneys for Defendant Metropolitan
Life Insurance Company

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-7-
ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO. C 07-04867 HRL