Charles B. Perkins (126942)
FLYNN, ROSE & PERKINS
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399-4566
E-Mail: cbperk@earthlink.net

Attorneys for Plaintiff
LADONNA GEDECKE

Royal F. Oakes (080480), roakes@barwol.com
Michael A. S. Newman (205299), mnewman@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California  90071
Telephone:  (213) 680-2800
Facsimile:  (213) 614-7399

Attorneys for Defendant
Metropolitan Life Insurance Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADONNA GEDECKE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.: C 07-04867 JF<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Honorable Jeremy Fogel<br><br><br><br>Complaint Filed:   June 13, 2007 |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7197\210\08pleadings\cmc statement.doc

JOINT CASE MANAGEMENT STATEMENT

Pursuant to Fed. R. Civ. Proc., Rule 26 and Civil Local Rule 16-9, Plaintiff LaDonna Gedecke ("Gedecke") and Defendant Metropolitan Life Insurance Company ("MetLife") jointly submit this Case Management Statement.

1. <u>Jurisdiction and Service</u>:  This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1446, as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.  All parties have been served.

2. <u>Facts</u>:  Gedecke sought long term disability benefits under a MetLife policy claiming that her back injury rendered her disabled. Gedecke contends that he was wrongfully denied benefits under the policy.  MetLife contends that it did not deny Gedecke any benefits that were due under the policy, and that its actions were reasonable.

3. <u>Legal Issues</u>:  Gedecke contends that MetLife's actions constitute a breach of contract and a breach of the implied covenant of good faith and fair dealing.  She contends that MetLife's actions were unreasonable, malicious, fraudulent, and oppressive.  MetLife contends that, because it did not breach the terms of the policy, it cannot be liable to Gedecke under any theory, be it breach of contract or bad faith.  Further, MetLife contends that because its actions were reasonable, it cannot be liable for tort damages.

4. <u>Motions</u>:  There are no pending motions.  The parties anticipate the filing of motions for summary judgment and/or partial summary judgment.

5. <u>Amendment of Pleadings</u>:  The parties do not anticipate any amendments of the pleadings.

6. <u>Evidence Preservation</u>:  The parties are taking all measures necessary pursuant to law to preserve evidence in this matter.

7. <u>Disclosures</u>:  The parties anticipate an exchange of initial disclosures prior to the CMC.

8. <u>Discovery</u>:  The parties anticipate the service of interrogatories, requests for production, requests for admission, and depositions of witnesses to be completed by September 19, 2008.

9. <u>Class Actions</u>:  There are no class allegations.

10. <u>Related Cases</u>:  There are no related cases.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-
JOINT CASE MANAGEMENT STATEMENT

11. <u>Relief</u>: Gedecke seeks benefits she believes to be due under the policy, as well as general, special, and punitive damages in an amount still to be determined. MetLife denies that Gedecke is entitled to benefits, general, special, or punitive damages, or any recovery in this action.

12. <u>Settlement and ADR</u>: The parties have elected to utilize a private mediator, either through JAMS or a similar service. Court has ordered mediation to be completed by July 15, 2008.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Parties ***do not*** consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: The parties believe this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: At this point, there do not appear to be any issues that can be narrowed, but the parties will apprise the Court at the time they become aware of such issues.

16. <u>Expedited Schedule</u>: The parties do not believe that this case should be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: The parties proposed the following proposed dates:

   Fact Discovery Cutoff: September 19, 2008

   Designation of Experts: October 3, 2008

   Expert Discovery Cutoff: November 7, 2008

   Last day for filing Fact or Expert Discovery Motions: November 21, 2008

   Last day for filing Dispositive Motions: December 31, 2008

   Pretrial Conference: February 13, 2009

   Trial: February 23, 2009

18. <u>Trial</u>: Gedecke has requested a jury trial.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: Each party has filed or will file in the immediate future the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

   MetLife certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

-3-

JOINT CASE MANAGEMENT STATEMENT

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1 | financial interest in that subject matter or in the party that could be substantially affected by the
2 | outcome of this proceeding:

3 |     Apart from Plaintiff the only parties that have a direct, pecuniary interest in the outcome
4 | of this case are MetLife Life Insurance Company ("MetLife") and Metropolitan Life Insurance
5 | Company ("MetLife").  MetLife is a subsidiary of MetLife Corporation.  MetLife is a wholly
6 | owned subsidiary of MetLife, Inc.

7 |     Gedecke certifies that no such interest is known other than that of the named parties to the
8 | action.

9 | Dated: February ___, 2008          FLYNN, ROSE & PERKINS

11 | By: _____
12 |     CHARLES B. PERKINS
    Attorneys for Plaintiff LaDonna Gedecke

16 | Dated: February _13_, 2008          BARGER & WOLEN LLP

18 | By: _____
19 |     ROYAL F. OAKES
    MICHAEL A. S. NEWMAN
    Attorneys for Defendant Metropolitan
20 |     Life Insurance Company

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

1  financial interest in that subject matter or in the party that could be substantially affected by the
2  outcome of this proceeding:
3        Apart from Plaintiff the only parties that have a direct, pecuniary interest in the outcome
4  of this case are MetLife Life Insurance Company ("MetLife") and Metropolitan Life Insurance
5  Company ("MetLife"). MetLife is a subsidiary of MetLife Corporation. MetLife is a wholly
6  owned subsidiary of MetLife, Inc.
7        Gedecke certifies that no such interest is known other than that of the named parties to the
8  action.

9  Dated: February __, 2008               FLYNN, ROSE & PERKINS

By: *Charles B. Perkins* (signature)
CHARLES B. PERKINS
Attorneys for Plaintiff LaDonna Gedecke

16  Dated: February __, 2008               BARGER & WOLEN LLP

By: _____
ROYAL F. OAKES
MICHAEL A. S. NEWMAN
Attorneys for Defendant Metropolitan
Life Insurance Company